## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ENRIQUE MENCHACA,<br>        Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security<br>Administration,<br>        Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | NO.  EP-15-CV-0249-FM<br>(-LS by consent) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Enrique Menchaca ("Menchaca") seeks judicial review of the Commissioner's affirmance of the denial of Social Security benefits pursuant to 42 U.S.C. § 405(g). The parties consented to the transfer of the case to this Court for determination and entry of judgment. 28 U.S.C. § 636(c); Local Court Rule CV-72. Menchaca argues that the Commissioner's decision should be reversed and remanded. The Court conducted a telephonic hearing on September 21, 2016. Finding no error, the Commissioner's decision is affirmed.

### I.      Facts and Proceedings

Menchaca applied for disability insurance benefits and supplemental security income in February 2012, alleging disability since January 1, 2012, because of diabetes, hypertension, and back problems. After the Commissioner denied Menchaca's initial applications and requests for reconsideration, the Administrative Law Judge ("ALJ") held a hearing in November 2013. The ALJ heard testimony from Mechanca, who was represented by counsel, and from a vocational expert. In an opinion dated March 18, 2014, the ALJ determined that Menchaca was not disabled within the meaning of the Social Security Act. The Appeals Council denied Menchaca's request for review, making the decision of the ALJ the final decision of the Commissioner.

Menchaca filed the instant suit in August 2015 and contends that the ALJ's determination

of his residual functional capacity ("RFC") is not supported by substantial evidence and is contrary to law. He contends that in making the RFC determination, the ALJ failed to properly evaluate the medical opinions of his treating physicians and failed to properly evaluate the credibility of his subjective complaints. Therefore, he argues, the ALJ's RFC finding is inconsistent with the evidence of record and tainted the remainder of the ALJ's disability determination.

## II.    Analysis

### A.    Legal Background

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform relevant work. *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001); 20 C.F.R. § 404.1520(a)(4).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo. Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B.     Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. §§ 404.1546, 416.946; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite his physical and mental limitations based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545, 416.929, 416.945.

The RFC determination is used at step 4 of the sequential analysis to determine if the claimant can continue to perform his past relevant work. *Perez*, 415 F.3d at 462. At step 5, the RFC is used to determine whether the claimant is capable of performing any other work. *Id.*

In this case, the ALJ found that Menchaca had severe impairments of diabetes, hypertension, degenerative disc disease, anxiety/affective disorder, and expressive and receptive language disorder. He found that Menchaca retained the RFC to perform "light work" with some

postural and mental limitations.[1] At step 4 of the analysis, the ALJ found that Menchaca could not perform his past work as a laborer, but found at step 5 that there were other jobs in the economy that he could perform.

### C.      Treating Physicians' Medical Opinions

Menchaca argues that the ALJ erroneously assigned "no weight" and "little weight," respectively, to the medical opinions of treating physicians Francisco Rocha Valdez and Augustine Eleje, while assigning greater weight to the opinions of non-examining medical consultants.

Ordinarily the opinion of a treating physician who is familiar with the claimant's conditions should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Indeed, such an opinion will be given controlling weight if it is well supported by objective medical evidence and is not inconsistent with other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c). An ALJ may discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 456.

Dr. Valdez's medical opinion is devoid of medical support. He opined in a single-page record dated July 23, 2012, that he had been treating Menchaca for ten years and that Menchaca is "presently disabled, unable to perform his regular work" because of his "ailments" which include diabetes, anxiety, hypertension, and "chronic lumbalgia." This record was generated after

---

[1] The regulations define light work as lifting no more than twenty pounds at a time and frequent lifting or carrying of objects weighing up to ten pounds. 20 C.F.R. §§ 404.1567(b), 416.967(b). Light work generally requires a good deal of walking or standing. *Id*. Frequent lifting or carrying means being on one's feet up to two-thirds of a workday, so the full range of light work requires standing or walking off and on for a total of approximately six hours in an eight-hour workday. SSR 83-10.

Menchaca filed for disability and SSI benefits. Moreover, notwithstanding having treated Menchaca for ten years, the court record contains not a single clinical, laboratory, or diagnostic record from Dr. Valdez on which the ALJ could rely. Indeed, the ALJ gave Menchaca two additional weeks after the hearing to submit treatment notes, but Menchaca failed to submit any such notes from Dr. Valdez.

The ALJ also found Dr. Valdez's opinions inconsistent with other record evidence. He explained that Dr. Nilesh Mehta examined Menchaca in April 2012 and found that Menchaca could lift and carry up to twenty pounds and had an otherwise normal examination. The ALJ further explained that the x-ray results in April 2012 showed only moderate degenerative disc disease of the lumbar spine. During a consultative psychological examination by Dr. Betsy Nacim in August 2012, Menchaca reported walking two blocks to the appointment and was observed by the physician as being able to walk, sit, and stand without assistance. Moreover, Menchaca had normal strength and coordination during an emergency room examination by Dr. Veronica Greer in March 2013 when he was treated for elevated blood sugar. The ALJ also noted that Menchaca testified during the hearing that he received no treatment for his back other than pain medications.

Dr. Valdez's findings and conclusions are contrary to the other record evidence and are unsupported by a single treatment note. It was therefore within the ALJ's discretion to weigh Dr. Valdez's opinions and reject them for good cause.

Similarly, Dr. Eleje completed a physician's statement and letter stating that Menchaca was permanently disabled and unable to work due to his diabetes with neuropathy, lumbar spondylosis, hypertension, and major depressive disorder. Dr. Eleje opined that Menchaca was limited to sitting for two hours, standing one hour, walking thirty minutes, and lifting or carrying

5

up to twenty pounds for only two hours per day. He concluded, however, that Menchaca was capable of participating in community work in an office environment that required little physical strain. He examined Menchaca on two occasions in November and December of 2012. The treatment notes reflect that Menchaca exhibited normal motor strength in his arms and legs with moderate joint pain in his knees and an intact sensory exam. Although the clinical notes from the November examination stated that Menchaca walked with a shuffling gait and had loss of sensation in his feet, no such notations were made during the follow-up visit in December 2012. At the follow-up visit the doctor noted that Menchaca was non-compliant with his diabetic diet and blood sugar monitoring.

The ALJ attributed little weight to Dr. Eleje's opinions because he found the work-related restrictions to be unsupported by the treatment notes and because Dr. Eleje saw Menchaca on only two occasions. Under the regulations, the "[l]ength of the treatment relationship and the frequency of examination" factor significantly in determining the weight to give a physician's opinion. 20 C.F.R. §§ 404.1527(c)(2)(i); 416.927(c)(2)(i). In this case, there is no evidence that Dr. Eleje treated Menchaca on a regular basis. Review of the record demonstrates that the ALJ properly considered the opinion evidence in accordance with the criteria of 20 C.F.R. §§ 404.1527 and 416.927, and determined within his discretion to attribute little weight to Dr. Eleje's opinion.

Finally, with respect to the opinions of Drs. Valdez and Eleje regarding Menchaca's disability, opinions that a claimant is disabled or unable to work because of his impairments "are not medical opinions" under the regulations because such opinions address "issues reserved to the Commissioner." *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ has the "sole responsibility for determining a claimant's disability status." *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir.

6

1995). Accordingly, the ALJ was not required to give weight to the opinions of Drs. Valdez and Eleje regarding disability. *See Tucker v. Astrue*, 337 Fed. Appx. 392, 396-97 (5th Cir. 2009) (per curiam).

Menchaca also complains that the ALJ erred in giving great weight to the non-examining state agency medical consultant's opinion. Dr. Karen Lee prepared a Physical Residual Functional Capacity Assessment of Menchaca in October 2012 and found that he was capable of performing light work with some postural limitations. Dr. Lee's opinion is consistent with Dr. Mehta's consultative examination results and with Menchaca's reports to Dr. Mehta.

The regulations provide that state agency consultants are highly qualified physicians who are experts in the field and whose opinions the ALJ must consider. *See* 20 C.F.R. § 404.1527(e), 416.927(e). The ALJ in this case considered the opinion evidence of record and weighed the evidence in accordance with the regulatory criteria.

**D.    Credibility**

Menchaca argues that the ALJ erred in determining his RFC by failing to properly evaluate the credibility of his subjective complaints. The ALJ gave limited weight to Menchaca's subjective complaints for the following reasons: (1) he did not mention hallucinations during his hearing despite claiming to hear voices and see shadows during his mental status exam; (2) he did not exhibit hearing problems at the hearing as alleged; (3) his work history was sporadic and he stopped working to care for his mother and brother, suggesting that his unemployment was not entirely due to his alleged impairments; (4) he walked to his consultative examination; (5) he was able to go to stores and cross the international border regularly despite having memory problems; and (6) he had not required emergency medical treatment for his back or mental health conditions.

Menchaca argues that none of these factors should discredit his subjective complaints because these factors are based on conjecture and opinion.

The regulations provide a two-step process to evaluate a claimant's alleged symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. First, the ALJ must consider whether there is an underlying medically determinable impairment that could reasonably be expected to produce the individual's symptoms, such as pain. 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p. Second, the ALJ must evaluate the intensity and persistence of the symptoms to determine their limiting effects. *Id.* The entire case record is evaluated in considering the intensity, persistence, and limiting effects of an individual's symptoms. Further, in evaluating an individual's symptoms, the individual's overall character or truthfulness will not be assessed. SSR 16-3p. The ALJ's evaluation of the credibility of the claimant's subjective complaints is entitled to deference if supported by substantial evidence. *See Newton*, 209 F.3d at 459; *accord Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990).

In the present case, the ALJ considered Plaintiff's subjective complaints along with the other evidence of record, including the objective medical evidence, Menchaca's work history, and his daily living activities. He considered the medical evidence of record and determined that Menchaca's subjective statements were not supported by the objective evidence. The ALJ articulated his reasons for finding Menchaca's subjective statements less than fully credible. The Court finds the ALJ's credibility evaluation to be supported by substantial evidence, not merely based on conjecture or opinion, and entitled to judicial deference.

## IV.     Conclusion

The ALJ's decision comports with relevant legal standards and is supported by substantial evidence. Therefore, the Court orders that the decision of the Commissioner is hereby **AFFIRMED**.

**SIGNED** and **ENTERED** on December 6, 2016.

**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**